MR. JUSTICE SHEEHY
dissenting:
I dissent from the foregoing decision.
The majority returned this case to the District Court for further trial solely upon the grounds that the District Court erred in admitting evidence of prior instances when Lutey supplied minors with drinks, going to the issue of punitive damages. The effect of the majority view here is to adopt a strict rule as to the kinds of evidence that may be admitted to show the character, malice or disposition of a defendant and his willful disregard for the rights of others.
In my opinion, Lutey’s supplying of beer to minors, particularly to Ray Derenberger, was part and parcel of the whole transaction that led to the grievous injuries that Ray Derenberger sustained. On the evening in question here, he had purchased beer with which to ply Ray Derenberger, and undoubtedly Raymond’s senses were dulled by this criminal act of Lutey. It is relevant, therefore, in showing his malice and willful disregard for the rights of Derenberger, that he plied minors with liquor a month before the accident or the month after the accident without any showing of remorse by those acts for what he had done to Raymond Derenberger.
Punitive damages may be awarded by the jury against the defendant where he has been guilty of oppression, fraud or malice, such damages to be for the sake of example and by way of punishing the defendant. Section 27-1-221, MCA. Here, the majority limits the fact issues in this case to whether Lutey was driving the vehicle recklessly, at a high rate of speed and whether that action was willful and wanton misconduct. The majority ignores, however, a concomitant fact issue, that Derenberger’s senses may have been dulled when this sixteen-year-old was unlawfully plied with liquor in such a manner that he did not appreciate the danger of driving with Lutey. It was most certainly relevant to *18 this issue that Lutey had acted in the same way on prior and succeeding occasions to show his wanton disregard for any minors that came within his influence. Certainly the jury was entitled to consider such evidence in determining the punitive damages.
This Court has usually held that it will leave the admission of evidence to the sound discretion of the trial court subject to review only in cases of manifest abuse. Cech v. State (1979), 184 Mont. 522, 604 P.2d 97; Pierce Packing Company v. John Morrell (9th Cir. 1980), 633 F.2d 1362.
I would affirm the judgment of the District Court.
MR. JUSTICES HARRISON and MORRISON concur.